Filed 4/26/21  Sanchez v. Brown Automotive CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| BRIANNA SANCHEZ, Plaintiff and Respondent, v. BROWN AUTOMOTIVE, INC., Defendant and Appellant. | B306713 (Los Angeles County Super. Ct. No. 19STCV46523) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Reversed and remanded with directions.

Fine, Boggs & Perkins, John P. Boggs, David J. Reese, and Daniel J. Padova for Defendant and Appellant.

Valiant Law, Raymond Babaian, and Zachary Cavanagh for Plaintiff and Respondent.

_____

Defendant Brown Automotive, Inc. appeals from an order denying its petition to compel arbitration of this employment-related action filed by its former employee, plaintiff Brianna Sanchez. In denying Brown Automotive's petition, the trial court concluded the arbitration agreement Sanchez signed prior to commencement of her employment with Brown Automotive was both procedurally and substantively unconscionable. While we agree the preemployment arbitration agreement Sanchez signed is procedurally unconscionable, we conclude it is not substantively unconscionable. Because both procedural and substantive unconscionability are necessary to invalidate the arbitration agreement, we reverse the trial court's order denying the petition to compel arbitration and remand the matter for further proceedings consistent with this opinion.

## BACKGROUND

### I. Sanchez's Complaint

Sanchez worked as a receptionist at one of Brown Automotive's dealerships, Puente Hills Nissan. In December 2019, Sanchez filed this action against Brown Automotive and two of its male employees,[1] alleging she resigned from her position because she was subjected to "severe sexual harassment, discrimination, and abusive conduct" in connection with her employment at the dealership, including, but not limited to: (1) male employees hugging her from behind without her consent and holding onto her until she pushed them away; (2) male

---

[1] The defendant employees were not parties to Brown Automotive's petition to compel arbitration and are not parties to this appeal. Sanchez had not served them with the summons and complaint by the time the petition to compel arbitration was filed and heard.

2

employees asking her on dates and, when she declined the advances, circulating rumors that she was involved sexually with someone else; (3) male employees staring at her "in a sexually suggestive manner" and attempting to "look down her shirt"; (4) a male employee walking behind her desk chair where she was sitting and "mimicking 'humping' her from behind," while other male employees watched and laughed; (5) a male employee sending her sexually suggestive text messages "at all hours of the day, but mostly at night," although she never gave him her cell phone number; and (6) a male employee making sexually suggestive comments to her at work. She alleged Brown Automotive was aware of its employees' inappropriate conduct but failed to do anything to prevent or stop it.

Sanchez asserted the following causes of action against Brown Automotive, based on the alleged conduct described above: (1) sexual assault; (2) battery; (3) gender discrimination in violation of the California Fair Employment and Housing Act (FEHA); (4) sexual harassment and hostile work environment in violation of FEHA; (5) retaliation in violation of FEHA; (6) failure to prevent hostile work environment, harassment, retaliation, and discrimination in violation of FEHA; (7) wrongful termination (constructive discharge) in violation of public policy; (8) negligent hiring, retention, and supervision; (9) intentional infliction of emotional distress; and (10) negligent infliction of emotional distress.

## II. Brown Automotive's Petition to Compel Arbitration

In February 2020, Brown Automotive filed a petition to compel arbitration and to stay this action, attaching to the petition three, separate documents Sanchez signed, that each contain a lengthy arbitration clause. The first document, dated

3

October 18, 2017, is the employment application Sanchez signed to apply for the receptionist position at Puente Hills Nissan. The last page of the five-page employment application is titled "APPLICANT STATEMENT AND AGREEMENT" and includes multiple paragraphs under which Sanchez signed the employment application. This one-page Applicant Statement and Agreement contains more than 70 lines of single-spaced text in very small font and covers topics such as following the Company's[2] rules and regulations, allowing the Company to contact previous employers, and the nature of the at will employment. The following text appears just above Sanchez's signature: "DO NOT SIGN UNTIL YOU HAVE READ THE ABOVE STATEMENT & AGREEMENT." The 37-line arbitration clause, which is a separate paragraph in the middle of the Applicant Statement and Agreement, provides:

"I also acknowledge that the Company utilizes a system of alternate dispute resolution which involves binding arbitration to resolve all disputes which may arise out of the employment context. Because of the mutual benefits (such as possible reduced expense and possible increased efficiency) which private binding arbitration can provide both the Company and myself, I and the Company both agree that any claim, dispute, and/or controversy that either party may have against one another (including, but not limited to, any claims of discrimination and harassment, whether they be based on the California Fair Employment and Housing Act, Title VII of the Civil Rights Act of 1964, as amended, as well as all other applicable state or federal laws or regulations) which would otherwise require or allow resort to any

_____

[2] The term "Company" is not defined in the Applicant Statement and Agreement.

4

court or other governmental dispute resolution forum between myself and the Company (or its owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with the Company, whether based on tort, contract, statutory, or equitable law, or otherwise, (with the sole exception of claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under the California Workers' Compensation Act, and Employment Development Department claims) shall be submitted to and determined exclusively by binding arbitration. In order to provide for the efficient and timely adjudication of claims, the arbitrator is prohibited from consolidating the claims of others into one proceeding. This means that an arbitrator will hear only my individual claims and does not have the authority to fashion a proceeding as a class or collective action or to award relief to a group of employees in one proceeding. Thus, the Company has the right to defeat any attempt by me to file or join other employees in a class, collective or joint action lawsuit or arbitration (collectively "class claims"). I and the Company both agree that any challenge to the prohibition against consolidating the claims of others into a single proceeding, whether as a class, a representative action or otherwise, is a gateway issue and shall be determined by the Superior Court; and any substantive claims shall not be decided by the arbitrator until after the gateway determination is made by the Court. I further understand that I will not be disciplined, discharged, or otherwise retaliated against for exercising my

5

rights under Section 7 of the National Labor Relations Act, including but not limited to challenging the limitation on a class, collective, or joint action. I understand and agree that nothing in this agreement shall be construed so as to preclude me from filing any administrative charge with, or from participating in any investigation of a charge conducted by, any government agency such as the Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission; however, after I exhaust such administrative process/investigation, I understand and agree that I must pursue any such claims through this binding arbitration procedure. I acknowledge that the Company's business and the nature of my employment in that business affect interstate commerce. I agree that the arbitration and this Agreement shall be controlled by the Federal Arbitration Act, in conformity with the procedures of the California Arbitration Act (Cal. Code Civ. Proc. sec 1280 et seq., including section 1283.05 and all of the Act's other mandatory and permissive rights to discovery). However, in addition to requirements imposed by law, any arbitrator herein shall be a retired California Superior Court Judge and shall be subject to disqualification on the same grounds as would apply to a judge of such court. To the extent applicable in civil actions in California courts, the following shall apply and be observed: all rules of pleading (including the right of demurrer), all rules of evidence, all rights to resolution of the dispute by means of motions for summary judgment, judgment on the pleadings, and judgment under Code of Civil Procedure Section 631.8. Resolution of the dispute shall be based solely upon the law governing the claims and defenses pleaded, and the arbitrator may not invoke any basis (including, but not limited to, notions of 'just cause') other

than such controlling law.  The arbitrator shall have the immunity of a judicial officer from civil liability when acting in the capacity of an arbitrator, which immunity supplements any other existing immunity.  Likewise, all communications during or in connection with the arbitration proceedings are privileged in accordance with Cal. Civil Code Section 47(b).  As reasonably required to allow full use and benefit of this Agreement's modifications to the Act's procedures, the arbitrator shall extend the times set by the Act for the giving of notices and setting of hearings.  Awards shall include the arbitrator's written reasoned opinion.  If CCP § 1284.2 conflicts with other substantive statutory provisions or controlling case law, the allocation of costs and arbitrator fees shall be governed by said statutory provisions or controlling case law instead of CCP § 1284.2.  Both the Company and I agree that any arbitration proceeding must move forward under the Federal Arbitration Act (9 U.S.C. §§ 3-4) even though the claims may also involve or relate to parties who are not parties to the arbitration agreement and/or claims that are not subject to arbitration: thus, the court may not refuse to enforce this arbitration agreement and may not stay the arbitration proceeding despite the provision of California Code of Civil Procedure § 1281.2(c).  I UNDERSTAND BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH I AND THE COMPANY GIVE UP OUR RIGHTS TO TRIAL BY JURY." This Applicant Statement and Agreement further provides (in a different paragraph) that the Company may change any term of Sanchez's employment at any time, except the arbitration agreement.

The second document Brown Automotive attached to its petition to compel arbitration is titled "**AGREEMENTS**" and is

dated October 19, 2017, the day after the date listed on Sanchez's employment application. The single-spaced text in this one-page document is larger than the text in the Applicant Statement and Agreement at the end of Sanchez's employment application, but it is still small. Puente Hills Nissan is defined as the "Company" at the top of this document, which is divided into two sections with separate headings. The first heading is "**At Will Employment Agreement**." Thereunder, is a 10-line paragraph followed by Sanchez's signature and the date (October 19, 2017). The second heading is "**Binding Arbitration Agreement**." Thereunder, is a 46-line arbitration agreement followed by Sanchez's signature and the same date (October 19, 2017).

The arbitration clause in this second document ("**Agreements**") is identical to the arbitration clause in the Applicant Statement and Agreement (quoted above), except that this document omits the following sentence that appears in the Applicant Statement and Agreement: "I and the Company both agree that any challenge to the prohibition against consolidating the claims of others into a single proceeding, whether as a class, a representative action or otherwise, is a gateway issue and shall be determined by the Superior Court; and any substantive claims shall not be decided by the arbitrator until after the gateway determination is made by the Court." Moreover, this document ("**AGREEMENTS**") adds the following language at the end of the arbitration agreement, just before the signature line: "*Should any term or provision, or portion thereof, be declared void or unenforceable it shall be severed and the remainder of this agreement shall be enforced. I hereby acknowledge that I have read the above statements and understand the same*." Like the Applicant Statement and Agreement, this

8

document also includes the following language at the end of the arbitration clause: "*I UNDERSTAND BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH I AND THE COMPANY GIVE UP OUR RIGHTS TO TRIAL BY JURY*."[3]

The third document Brown Automotive attached to its petition to compel arbitration is titled "EMPLOYEE ACKNOWLEDGEMENT AND AGREEMENT" and begins: "This will acknowledge that I have received my copy of the Employee Handbook and that I will familiarize myself with its contents." The single-spaced text in this three-page document is larger than that in either of the two documents described above and is therefore easier to read. The third paragraph of this document, beginning about a third of the way down page one and concluding near the bottom of page two, contains the arbitration clause, which is identical to the arbitration agreement in the second document described above ("**AGREEMENT**"), except it adds the word "representative" in defining "class claims," and it does not include the two bolded and italicized paragraphs quoted above that appear at the end of the arbitration agreement in the document titled "**Agreements**."

The Employee Acknowledgement and Agreement concludes with the following language: "**MY SIGNATURE BELOW ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS.  [¶]  DO NOT SIGN UNTIL YOU HAVE READ THE ABOVE**

---

[3] The font, however, is smaller than the 13-point font used in this opinion.

**ACKNOWLEDGEMENT AND AGREEMENT**." Thereunder, Sanchez's signature and the date (October 19, 2017) appear.

### III. Sanchez's Opposition to the Petition to Compel Arbitration

In her declaration in support of her opposition to the petition to compel arbitration, Sanchez acknowledged she signed the three documents Brown Automotive attached to the petition. She stated: "A few days prior to my employment with Brown Automotive I was provided numerous onboarding documents to sign. I was advised that all documents must be completed prior to obtaining my start date. I signed all the new-hire documents, including the Arbitration Agreement with the understanding that if I chose not to sign the forms I would not be hired." Sanchez explained she did not recall signing the documents on October 18 and 19, 2017, as the handwritten dates on the documents reflect. She asserted she began her employment with Brown Automotive in August 2016.

Sanchez also stated in her declaration: "As a condition of my employment, I was made to sign Brown Automotive's Arbitration Agreement and Employee Handbook. No one ever explained the contents of the Employee Handbook to me or told me what I was signing. In addition to the Employee Handbook I was also provided a separate stack of important documents, which included [the] Arbitration Agreement, that I was instructed to sign. When I asked what these documents [were] I was advised by Human Resources that every new hire for Brown Automotive was *required* to sign these documents." Brown explained she had no experience or familiarity with arbitration or the laws governing it.

Sanchez further stated in her declaration: "At no point was I ever given copies of the Employee Handbook or Arbitration Agreement to take home. I was never given any meaningful opportunity to read and understand the hiring documents presented to me. At no point was I ever given the opportunity to negotiate or change the terms of the documents presented to me to sign, including this arbitration agreement, or advised that I could seek legal advice regarding the arbitration agreement." She asserted she never received copies of any of the documents after she signed them.

In her opposition to the petition to compel arbitration, Sanchez argued: (1) she did not enter into an agreement to arbitrate because Brown Automotive used deceptive techniques to hide the arbitration agreement, and she did not knowingly enter into an arbitration agreement; (2) the arbitration agreement is procedurally unconscionable because it is a contract of adhesion that resulted from oppression and surprise and contains unintelligible legal terms; (3) the arbitration agreement is substantively unconscionable because it lacks mutuality;[4] and (4) it would shock the conscience to require her to arbitrate her intentional tort causes of action (sexual assault, battery, and intentional infliction of emotional distress) because she could not

_____

[4] As discussed more fully below, several of the factors Sanchez cited in her opposition (and in her appellate brief) in support of her contention the arbitration agreement is substantively unconscionable relate to procedural unconscionability and not substantive unconscionability, e.g., her assertions that the arbitration agreement was hidden in a stack of new-hire documents, was not written in plain English, and that she was not afforded a meaningful opportunity to review the arbitration agreement before she signed.

11

have contemplated or expected she would be subject to such conduct when she accepted employment with Brown Automotive.

In its reply brief, Brown Automotive urged the trial court to grant the petition to compel arbitration, arguing: (1) the arbitration clauses were highlighted for Sanchez in three separate documents she signed; (2) Sanchez had significant time to review the documents she signed, based on the statement in her declaration that Brown Automotive gave her the documents a few days before her employment commenced; (3) Sanchez knowingly entered into the arbitration agreement; and (4) the arbitration agreement is not unconscionable.

## IV. Trial Court's Ruling on Petition to Compel Arbitration

On July 2, 2020, the trial court issued an order, stating in pertinent part: "After conferring with counsel, the Court rules as follows: [¶] The defendant's Petition to Compel Arbitration and Stay Proceedings filed by [Brown Automotive] on 2/24/2020 is Denied. The agreement is both procedurally and substantively unconscionable." The trial court did not set forth in its order the reasons it found the arbitration agreement procedurally and substantively unconscionable. The appellate record does not include a reporter's transcript of the hearing.

DISCUSSION

Brown Automotive contends the trial court erred in denying its petition to compel arbitration based on procedural and substantive unconscionability in the arbitration agreement. For the reasons explained below, we agree.

## I. General Principles and Standard of Review

A trial court must grant a petition to compel arbitration based on a written arbitration agreement unless grounds exist to

revoke the agreement. (Code Civ. Proc., §§ 1281, 1281.2, subd. (b).) Both the California Arbitration Act (CAA; Code Civ. Proc., § 1280 et seq.) and the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.) favor enforcement of valid arbitration agreements. (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 97-98 (*Armendariz*).) Under California and federal law, an arbitration agreement, including one made in an employment contract, "may only be invalidated for the same reasons as other contracts." (*Id.* at p. 98.) Unconscionability is one such reason. (*Id.* at p. 99.) Generally, an unconscionability defense " ' "may be applied to invalidate arbitration agreements without contravening" the FAA' or California law." (*OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 125 (*OTO, L.L.C.*).)[5]

"The general principles of unconscionability are well established. A contract is unconscionable if one of the parties lacked a meaningful choice in deciding whether to agree and the contract contains terms that are unreasonably favorable to the other party. [Citation.] Under this standard, the unconscionability doctrine ' "has both a procedural and a substantive element." ' [Citation.] 'The procedural element addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal

_____

[5] Brown Automotive argues the FAA applies to this dispute, as set forth in the arbitration clauses in the documents Sanchez signed. Sanchez argues the FAA does not apply because Brown Automotive did not meet its burden of showing the agreements at issue substantially affected interstate commerce. We need not resolve this issue because our analysis of the enforceability of the arbitration agreement in this case is the same regardless of whether the FAA or the CAA applies. (See *Armendariz, supra,* 24 Cal.4th at p. 99.)

bargaining power.  [Citations.]  Substantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided.' " (*OTO, L.L.C.*, *supra*, 8 Cal.5th at p. 125.)

"Both procedural and substantive unconscionability must be shown for the defense to be established, but 'they need not be present in the same degree.'  [Citation.]  Instead, they are evaluated on ' "a sliding scale." '  [Citation.]  '[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to' conclude that the term is unenforceable.  [Citation.]  Conversely, the more deceptive or coercive the bargaining tactics employed, the less substantive unfairness is required.  [Citations.]  A contract's substantive unfairness 'must be considered in light of any procedural unconscionability' in its making.  [Citation.]  'The ultimate issue in every case is whether the terms of the contract are sufficiently unfair, in view of all relevant circumstances, that a court should withhold enforcement.' "  (*OTO, L.L.C.*, *supra*, 8 Cal.5th at pp. 125-126.)  Sanchez bears the burden of proving her unconscionability defense.  (*Id*. at p. 126.)

" ' "[W]e review the arbitration agreement de novo to determine whether it is legally enforceable, applying general principles of California contract law." '  [Citation.]  Thus, unconscionability is a question of law we review de novo. [Citation.]  To the extent the trial court's determination on the issue turned on the resolution of contested facts, we would review the court's factual determinations for substantial evidence." (*Carmona v. Lincoln Millennium Car Wash, Inc.* (2014) 226 Cal.App.4th 74, 82.)

14

The amount of time Sanchez had to review the documents before she signed them is a contested issue of fact. Brown Automotive asserts Sanchez had several days to review the documents, based on the statement in her declaration that Puente Hills Nissan personnel gave her the documents a few days before her employment commenced. Sanchez asserts her declaration indicates she was forced to sign the documents on-the-spot at Puente Hills Nissan, based on the statement in her declaration that Brown Automotive never gave her copies of the Employee Handbook or other new-hire documents to take home. In concluding the arbitration agreement was procedurally unconscionable, to the extent the trial court made an implied factual finding that Sanchez was required to sign the documents on-the-spot at Puente Hills Nissan, that finding is supported by substantial evidence, based on Sanchez's statement in her declaration that she never received copies of the documents to take home.

## II. Agreement to Arbitrate

In support of its petition to compel arbitration, Brown Automotive satisfied the requirement of presenting a written arbitration agreement. Sanchez's assertion there is no arbitration agreement is without merit. This is not a case—like that on which Sanchez relies in support of her assertion—in which an employee signed an acknowledgement of receipt of an Employee Handbook containing an arbitration provision, but the acknowledgement the employee signed did not itself include the arbitration provision. (See *Nelson v. Cyprus Bagdad Copper Corp.* (9th Cir. 1997) 119 F.3d 756, 761.) Here, Sanchez signed three separate documents, each containing the arbitration clause

requiring arbitration of all employment-related claims.[6]  Whether grounds exist to revoke the arbitration agreement, as the trial court concluded, is a separate issue that we address next.

## III.   Procedural Unconscionability

In its appellate briefing, Brown Automotive characterizes the arbitration agreement as minimally procedurally unconscionable.  This characterization understates the procedural unconscionability of this arbitration agreement, for the reasons explained below.

"A procedural unconscionability analysis 'begins with an inquiry into whether the contract is one of adhesion.' [Citation.] An adhesive contract is standardized, generally on a preprinted form, and offered by the party with superior bargaining power 'on a take-it-or-leave-it basis.' [Citations.]  Arbitration contracts imposed as a condition of employment are typically adhesive . . . ." (*OTO, L.L.C.*, *supra*, 8 Cal.5th at p. 126.)  Brown Automotive acknowledges the preemployment arbitration agreement is a contract of adhesion and therefore bears some degree of procedural unconscionability.  "The pertinent question, then, is whether circumstances of the contract's formation created such oppression or surprise that closer scrutiny of its overall fairness is required." (*Ibid.*)  Brown Automotive fails to acknowledge the other ways in which the arbitration agreement

---

[6] We generally refer to the arbitration agreement as a singular agreement, although Sanchez signed three separate documents, because there are no material differences in the arbitration clauses in the three documents that are pertinent to our analysis.  The differences relate to the class claims provisions, which Sanchez has not challenged.

16

is procedurally unconscionable, which go to the elements of oppression and surprise.

" 'The circumstances relevant to establishing oppression include, but are not limited to (1) the amount of time the party is given to consider the proposed contract; (2) the amount and type of pressure exerted on the party to sign the proposed contract; (3) the length of the proposed contract and the length and complexity of the challenged provision; (4) the education and experience of the party; and (5) whether the party's review of the proposed contract was aided by any attorney.' [Citation.] With respect to *preemployment* arbitration contracts, [our Supreme Court has] observed that 'the economic pressure exerted by employers on all but the most sought-after employees may be particularly acute, for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration requirement.' " (*OTO, L.L.C.*, *supra*, 8 Cal.5th at pp. 126-127.)

Here, circumstances establish oppression. Personnel at Puente Hills Nissan provided Sanchez with a stack of documents and instructed her to sign them as a prerequisite to employment. She understood that she was required to sign the documents onsite, on-the-spot. She was not given copies of the documents to take home before or after she signed them. The arbitration clause in each of the three documents was very lengthy and complex (and, in two of the three documents, in very small print), and Sanchez had no experience or familiarity with arbitration or the rules governing it. Sanchez "need not show [she] tried to negotiate [the] standardized contract terms to establish procedural unconscionability." (*OTO, L.L.C.*, *supra*, 8 Cal.5th at p. 127.)

17

Surprise occurs " ' " 'where the allegedly unconscionable provision is hidden within a prolix printed form.' " ' " (*OTO, L.L.C.*, *supra*, 8 Cal.5th at p. 126.) In *OTO, L.L.C.*, the California Supreme Court reviewed the enforceability of an arbitration agreement in a document similar to the one-page "**Agreements**" document Sanchez signed (the document with the headings, "**At Will Employment Agreement**" and "**Binding Arbitration Agreement**," with a signature line under each of the two sections). (*Id.* at p. 119.) The Supreme Court concluded the "agreement is a paragon of prolixity," with "complex" sentences, "filled with statutory references and legal jargon." (*Id.* at p. 128.)

For the foregoing reasons, the arbitration agreement is procedurally unconscionable. We need not decide the degree of procedural unconscionability because, even if it were high, we would not conclude the arbitration agreement is unenforceable on unconscionability grounds, because Sanchez has not demonstrated the arbitration agreement is substantively unconscionable.

## IV.   Substantive Unconscionability

As set forth above, " 'Substantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided.' " (*OTO, L.L.C.*, *supra*, 8 Cal.5th at p. 125.) Substantive " ' "unconscionability requires a substantial degree of unfairness *beyond 'a simple old-fashioned bad bargain.'* " ' " (*Baltazar v. Forever 21, Inc.* (2016) 62 Cal.4th 1237, 1245 (*Baltazar*).) " '[T]he paramount consideration in assessing [substantive] unconscionability is mutuality.' [Citation.] 'Agreements to arbitrate must contain at least " 'a modicum of bilaterality' " to

18

avoid unconscionability.' " (*Davis v. Kozak* (2020) 53 Cal.App.5th 897, 910.)

In the trial court and on appeal, Sanchez argued the arbitration agreement is substantively unconscionable because it "lacks mutuality." We disagree. The arbitration clause requires both Brown Automotive (dba Puente Hills Nissan) and Sanchez to arbitrate all claims arising out of Sanchez's employment, "with the sole exception of claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under the California Workers' Compensation Act, and Employment Development Department claims."[7]

Sanchez asserts the use of phrases in the arbitration clause, such as "I understand and agree" and "I acknowledge," demonstrates that the obligation to arbitrate only applies to claims brought by the employee and not claims brought by the employer. We reject this assertion. The arbitration clause expressly states, "I and the Company both agree" that any claim arising out of the employee's employment must be arbitrated (except for the claims noted above). "As a whole, the agreement is thus reasonably construed as both parties consenting to arbitration of any disputes either party brings involving or relating to [Sanchez]'s employment . . . ." (*Davis v. Kozak, supra*, 53 Cal.App.5th at p. 915 [rejecting the plaintiff's "broad contention that the entire arbitration agreement lacks mutuality

_____

[7] Sanchez argued in the trial court and on appeal that the arbitration clause requires the employee to arbitrate all claims but allows the employer to file claims in court. The arbitration clause includes no such language allowing the employer to litigate in court claims arising out of Sanchez's employment.

19

because of repeated phrasing 'I agree' "]; *Nguyen v. Applied Medical Resources Corp.* (2016) 4 Cal.App.5th 232, 252 (*Nguyen*) ["We also decline to find that 'the mere inclusion of the words "I agree" by one party in an otherwise mutual arbitration provision destroys the bilateral nature of the agreement' "].)

Sanchez also argues the arbitration clause lacks mutuality because "Company" is not defined and no one from Brown Automotive signed the arbitration agreement. The document titled "**Agreements**," containing the arbitration clause and signed by Sanchez, defines the "Company" as Puente Hills Nissan. The references to "Company" in the arbitration clause in the other two documents Sanchez signed are not confusing, as those references obviously mean her employer, given the documents are her employment contract and an agreement concerning the employee handbook. There is no requirement that an employer sign the arbitration agreement. (*Nguyen*, *supra*, 4 Cal.App.5th at pp. 252-253 ["No separate signature was required by defendant [employer], as it was the company that set binding arbitration of all disputes as a condition of plaintiff's employment"].)

Sanchez does not argue that any particular term of the arbitration clause is overly harsh or one-sided.[8] She complains

---

[8] Sanchez does not argue the arbitration agreement fails to meet *Armendariz's* requirements of "neutrality of the arbitrator, the provision of adequate discovery, a written decision that will permit a limited form of judicial review, and limitations on the costs of arbitration." (*Armendariz*, *supra*, 24 Cal.4th at p. 91.) Nor does she challenge the provision precluding her from bringing class claims (as she did not file any class claims in this action). To the extent this provision is substantively unconscionable, it may be severed without rendering the

that Brown Automotive did not attach the arbitration rules to the arbitration agreement, but that circumstance does not show substantive unconscionability, as her substantive unconscionability claim does not "concern[] some element of the [arbitration] rules." (*Baltazar*, *supra*, 62 Cal.4th at p. 1246.)

The other circumstances Sanchez cites in support of her argument the arbitration agreement is substantively unconscionable relate to procedural unconscionability, and we discussed them above in the procedural unconscionability section of this opinion: that the arbitration agreement was hidden in a stack of new-hire documents, was not written in plain English, and that she was not afforded a meaningful opportunity to review the arbitration agreement before she signed.

In the absence of a showing of substantive unconscionability, the trial court erred in denying the petition to compel arbitration on unconscionability grounds.

## V.    Applicability of Arbitration Agreement to Intentional Tort Causes of Action

In the trial court and on appeal, Sanchez argued it would shock the conscience to require her to arbitrate her intentional tort causes of action (sexual assault, battery, and intentional infliction of emotional distress) because she could not have contemplated or expected she would be subject to such conduct when she accepted employment with Brown Automotive. The

---

arbitration agreement unenforceable. (*Dotson v. Amgen, Inc.* (2010) 181 Cal.App.4th 975, 985 ["Where, as here, only one provision of the [arbitration] agreement is found to be unconscionable and that provision can easily be severed without affecting the remainder of the agreement, the proper course is to do so"].)

arbitration clause covers tort claims arising out of Sanchez's employment. The alleged unwanted hugs and other inappropriate conduct by her coworkers arose in the context of her employment and form the basis of her claims for workplace harassment, discrimination, and retaliation, claims she does not dispute are covered by the arbitration agreement.

Sanchez's reliance on *Victoria v. Superior Court* (1985) 40 Cal.3d 734 is misplaced. There, a hospital patient signed an arbitration agreement covering " '[a]ny claim arising from alleged violation of a legal duty incident to [the] Agreement' " if the claim was asserted " '[o]n account of death, mental disturbance or bodily injury *arising from rendition or failure to render services under this Agreement.*' " (*Id.* at p. 738.) Our Supreme Court concluded the arbitration agreement did not cover the patient's tort claims against the hospital arising from the patient's rape by a hospital orderly because the orderly's alleged misconduct "had nothing to do with providing, or failing to provide, services." (*Id.* at p. 745.)

Here, Sanchez's intentional tort claims arose from her employment and relate to the workplace culture she alleges exists, and was tolerated by management, at Puente Hills Nissan. The claims are covered by the arbitration agreement, which requires Sanchez and Brown Automotive to arbitrate all claims "arising from, related to, or having any relationship or connection whatsoever with her [her] seeking employment with, employment by, or other association with the Company, whether based on tort, contract, statutory, or equitable law, or otherwise . . . ." (See *Bigler v. Harker School* (2013) 213 Cal.App.4th 727, 741 [a teacher's "act of wrapping his arms around [a student] and hopping up and down to mock her clearly

22

was offensive and humiliating, but it occurred within the course and scope of his role as her teacher, in his classroom on a school day, concerning an academic performance she had brought to his attention.  If, as the [student's parents] themselves asserted in their arbitration claim [against the school], [the teacher's] behavior reflected his 'unfitness and incompetence' as a teacher, the allegations of battery are arbitrable as coming within the relationship of the school to its student" and are covered by the arbitration clause in the school enrollment contract].)

## DISPOSITION

The order denying Brown Automotive's petition to compel arbitration is reversed.  On remand, the trial court is directed to grant the petition to compel arbitration and stay the case.  The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

FEDERMAN, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

23